Dear Ms. Ambler and Ms. Bosley:
This office is in receipt of your requests for an opinion of the Attorney General in regard to certain procedure in conducting council meetings.
Questions are presented pertaining to calling of executive sessions. We are informed at a previous council meeting a town employee and his family caused a disruption over hiring of an employee. At a January meeting consideration of hiring an additional water maintenance employee from approximately thirty applications was to be made. Because of the prior disturbance one of the councilmen requested the council go into executive session. The Mayor stated this was not proper unless notice was given to whomever would be discussed. From this occurrence the following questions are presented:
 1. When and how may a board member call for an executive session;
 2. Does the Mayor have the authority to deny an executive session; and
 3. Can the actions taken by the Mayor in denying an executive session annul the actions taken thereafter.
We are also told that in the past there have been instances when facts and votes of matters before the council have been reported incorrectly. A council member decided to tape the meetings. After taping several meetings, the Mayor and one councilmen have stated the council meetings cannot be legally recorded. The question is presented whether the meetings should and can be recorded by a council member.
Attached to the request for an opinion is a letter presented to the council in which the author requests the dismissal of a town employee for reasons set forth therein. Since the letter was not on the agenda, there was no discussion or action taken, but we are asked whether it should have been discussed or should it be placed on the next month's agenda.
The council is a public body whose meetings are subject to the provisions of R.S. 42:5 which mandates every meeting of any public body shall be open to the public unless closed under other statutory provisions. This office has stated that executive sessions must be limited to the matters exempted from discussion at open meetings observing those set forth in R.S42:6.1 as including "(1) discussion of the character, competence or health of a person, (2) collective bargaining sessions after formal written demand or litigation is instituted, (3) security matters, (4) investigative proceedings regarding misconduct, (5) cases of extraordinary emergency." Atty. Gen. Op. No. 83-745.
This office has further observed that the statute allows an executive session for "* * * any other matters now provided for or as may be provided for by the legislature." It was concluded if records are privileged under the Public Records Act then this should properly be interpreted to authorize an executive session to confidentially discuss the contents of the privileged records. Atty. Gen. Op. Nos. 92-698, 89-550.
These opinions have further observed that the business during executive session is limited to the discussion of these privileged matters, and any formal action by vote must be taken in open session. A vote may not be taken during executive session and simply announced at the resumed open meeting as this would constitute the taking of binding action in an executive session which is prohibited.
In the request it is stated the council "were not discussing character, but were to consider applications". This office has previously found that the action of an interview committee in selecting and recommending applicants was a decision to select certain applicants and reject the others. It was concluded:
 Therefore, it is our opinion that neither a committee nor a School Board may take any action in an executive session which is in the nature of a decision, selection or recommendation of or concerning a job application or prospective employee. It is our further opinion, however, that an executive session is proper whenever and wherever there is any discussion of the character, professional competence, or physical or mental health of a person, including a job applicant or a prospective employee, and that a committee or a School Board may therefore conduct interviews of job applicants or prospective employees in an executive session. Atty. Gen. Op. No. 91-158A.
The procedure for holding an executive session is set forth by statute requiring two-thirds vote of the members present and that it be the proper subject matter for an executive session, but your town attorney may more properly and fully explain this to the council. We note that in Atty. Gen. Op. No 88-462 it was held that a public body need not adjourn a regularly scheduled meeting and wait twenty-four hours in order to give notice of the intention to go into executive session. However, it was explained while there is no requirement that a public body give notice of its intent to go into executive session in advance of that meeting even if it is aware of facts that would necessitate an executive session, nothing prohibits such notice when that body is aware of a clear need to go into executive session in advance of the meeting. We do find since that opinion R.S. 42:7
was amended by Act 390 of 1989 so as to provide that attached to the written public notice of the meeting will be notice whether or not matters will be discussed in an executive session held pursuant to R.S. 42:6.1(A)(2).
This office in Atty. Gen. Op. No. 83-126 observed as follows:
 The mayor is to serve as the presiding officer at all meetings of the board of aldermen, and votes on issues before the council only in the event of a tie vote among the members of the board of aldermen. The mayor also has superintending control of all offices and affairs of the municipality and it is his responsibility to actively and vigilantly enforce and execute all municipal laws and ordinances.
We hope this discussion has clarified the questions of when and how an executive session may be held. Considering the statement in the request that character was not to be discussed, but applications considered, and the applicant preferred by the Mayor was hired, we must concluded it was not proper to go into executive session to make such a decision, selection or recommendation concerning a job application and the selection was properly made in public.
In regard to the question of tape recording council meetings, R.S. 42:8 is pertinent and provides as follows:
 A. All or any part of the proceedings in a public meeting may be video or taped recorded, filmed, or broadcast live.
 B. A public body shall establish standards for use of lighting, recording or broadcasting equipment to insurer proper decorum in a public meeting.
Therefore, while Paragraph (A) permits any part of public proceedings to be taped, it is important to recognize that Paragraph (B) mandates the public body establish standards for the recording in which certain restrictions may be set "to insure proper decorum in a public meeting".
In answer to the question in regard to whether or not the council could have considered a request by letter for the dismissal of a town employee when this was not on the agenda, we find this office has on numerous occasions recognized the public body's agenda must be in place before public notice is given in order to comply with the public notice requirements of R.S. 42:7
so as to advise the public in general terms each subject to be discussed. Atty. Gen. Op. Nos. 93-230, 91-245, 87-649. However, it has also been recognized by this statute at a public meeting by two-thirds vote of the members present an item may be added to the agenda for consideration.
We hope this discussion has sufficiently answered your inquiries and suggest these questions be presented to your town attorney for a comprehensive explanation.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
BY: BARBARA B. RUTLEDGE Assistant Attorney General BBR